985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lorenzo SLAPPEY, Petitioner-Appellant,
v.
Pamela WITHROW, Superintendent, Respondent-Appellee.
 No. 92-1260.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1993.
 
 Before RYAN and SILER, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Lorenzo Slappey is a pro se Michigan prisoner who appeals a district court judgment that dismissed his habeas corpus petition filed under 28 U.S.C. § 2254. His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, Slappey was convicted by a jury of first-degree criminal sexual conduct and sentenced to imprisonment for a term of 30 to 50 years. His sentence was affirmed by the Michigan Court of Appeals, and the Michigan Supreme Court refused to file his belated petition for further review.
 
 
 3
 Slappey asserts that he was in jail when the victim was attacked. He argues that the trial court erred by allowing the testimony of a rebuttal witness, who stated that there had been complaints of prisoners using an unsecured window to come and go from the jail. On February 4, 1992, the district court adopted a magistrate judge's recommendation and dismissed the case because Slappey had not shown cause and prejudice that would excuse his failure to file a timely application for review in the Michigan Supreme Court. It is from this judgment that Slappey now appeals. He also moves for leave to proceed in forma pauperis on appeal.
 
 
 4
 Slappey argues that the federal courts need not defer to the procedural bar in his case because it has no foundation in state law. However, the Michigan Supreme Court's rejection of Slappey's motion for delayed review was clearly based on Michigan Court Rule 7.302(C)(3). Moreover, Slappey had almost a month to submit his application for review in the Supreme Court, notwithstanding his allegations of delayed notification. Thus, there are no strong equitable reasons for ignoring the state court's procedural rule, and the federal courts must employ a cause and prejudice analysis in reviewing Slappey's case. See Teague v. Lane, 489 U.S. 288, 298-99 (1989).
 
 
 5
 Upon review, we conclude that the district court properly denied Slappey's petition because he did not demonstrate cause to excuse his procedural default in the Michigan Supreme Court or actual prejudice from the admission of the disputed rebuttal testimony at his trial.
 
 
 6
 Accordingly, Slappey's motion for pauper status is granted, and the district court's judgment is affirmed for the reasons well-stated in the magistrate judge's report and recommendation dated December 12, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.